# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 18-0681V
(not to be published)

| | |
|---|---|
| DAVID CHRISTIAN KUNZ,<br><br>      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: November 30, 2021<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*David Charles Richards, Christensen & Jensen, P.C., Salt Lake City, UT, for Petitioner.*

*Mallori Browne Openchowski, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On May 14, 2018, David Christian Kunz filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a left shoulder injury related to vaccine administration. (Petition at ¶ 1). On August 27, 2021, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 70).

---

[1] Although I have not designated this Decision for publication, it will be made available on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated October 5, 2021, (ECF No. 76), requesting a total award of $53,650.30 (representing $52,276.90 in fees and $1,373.40 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement stating indicating he incurred no out-of-pocket expenses. (ECF No. 76 at 70). Respondent reacted to the motion on October 5, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and requesting that I exercise my discretion to determine the precise amount to be awarded. (ECF No. 77). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). She "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

**ATTORNEY FEES**

A)  Hourly Rates

Petitioner requests the following rates for attorney David Richards: $305 per hour for time billed in 2016; $312 per hour for time billed in 2017; $321 per hour for time billed in 2018; $332 per hour for time billed in 2019; $343 per hour for time billed in 2020; and $352 per hour for time billed in 2021. (ECF No. 76 at 45). The rates for Mr. Richards have been previously deemed appropriate in prior cases and shall be awarded in this matter as well. I will also award paralegal rates as requested.

B)  Excessive and Duplicative Billing

Special Masters have reduced fees for work attributable to excessive and/or duplicative billing. *See,* e.g., *Ericzon v. Sec'y of Health & Human Servs.,* No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by ten percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.,* No. 11-65V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).

Here, Petitioner's counsel billed 78.50 hours to "review/analyze" medical records, billing records and summarization of those records. (ECF No. 76). Being that only 394 pages of records were filed in this case, the hours devoted to the review of such a moderate amount of medical records was excessive to these case proceedings. Additionally, counsel and the paralegals involved in the matter billed a total of 71.60 hours for work relating solely to preparing the Petition and corresponding affidavit, which, when filed, consisted of 14 pages. (ECF No. 1). This constitutes excessive billing on a single matter.

In further review of the invoices submitted, I found several instances in which multiple attorneys and staff members reviewed the same documents and filings, but without any demonstration of how the concurrent review properly overlapped. Examples of these include:

- September 13, 2018 (0.10 hrs) KJ – "Review and analyze the scheduling order signed by the special master and prepare for the upcoming deadlines; DCR - (0.10 hrs) "Review scheduling order";

- October 3, 2019 KJ – (0.20 hrs) "Participated in telephone conference with Petitioner discussing our initial settlement demand to Respondent's attorney"; DCR – (0.20 hrs) "Telephone conference with Petitioner to discuss and confirm initial settlement demand to Respondent's attorney";

- October 7, 2019 KJ – (0.10 hrs) "Review and analyze the Damages Order to prepare for upcoming deadlines" (0.20 hrs) DCR – "Review Damages Order and Entitlement ruling";

- December 19, 2019 KJ – (0.10 hrs) "Review and analyze the Notice of Appearance of the new Respondent's attorney to prepare for upcoming deadlines JDE (0.10 hrs) "Review notice of appearance of K. Pozza as trial attorney for Dept. of Justice DCR (0.10) "Electronic notice re: appearance of counsel"; and

- March 24, 2020 KJ – (0.10 hrs) "Review and analyze the Scheduling Order regarding order granting extension DCR (0.10 hrs) "Email from court regarding order granting extension" JDE – (0.10 hrs) "Review order granting motion for extension of time to serve subpoena."

(ECF No. 76 at 21, 23-24, 27-28, 30, 32)[3]

I also take into consideration counsel's delays in providing requested documentation and resolving his client's case. Respondent first requested documentation of Petitioner's out-of-pocket medical expenses on March 1, 2021 (ECF No. 59). Counsel appears to have had this documentation in his possession, however, and needed only to prepare a spreadsheet compiling the expenses and exhibit references. Scheduling Order issued Aug. 4, 2021 (ECF No. 64). Counsel repeatedly represented that he would provide the documentation within 15 days, or even the same day, but for several months failed to do so and did not provide an explanation or even acknowledgement (ECF Nos. 60, 61, 62, 64).

Counsel's actions resulted in the need for an additional telephonic status conference on August 4, 2021 to address delays (ECF No. 64), and several additional court orders. Scheduling Orders (Non-PDF), issued Apr. 21, 2021, May 25, 2021, and June 28, 2021); Order, issued July 7, 2021 (ECF No. 63); Scheduling Order, issued Aug. 4, 2021 (ECF No. 64); Scheduling Order, issued Aug. 25, 2021 (ECF No. 66). Due to counsel's delays in providing supporting documentation, the somewhat unusual step of

---

[3] These are merely examples and not an exhaustive list.

writing a decision to resolve this category of damages *separate* from the rest of the case was considered. Order issued Aug. 25, 2021 (ECF No. 66). But intervention in such matters is uncommon, and usually occurs only when there is a reasonable dispute about whether a particular expense is reimbursable under the Vaccine Act – not due to counsel delays in substantiating expenses. This therefore resulted in additional strain on judicial resources.

Surprisingly, Petitioner's fees motion even requests fees for the filing of a status report providing an update on settlement discussions that was filed on September 23, 2021. This status report was filed weeks *after* Respondent filed a proffer, and I issued a decision on August 27, 2021 (ECF Nos. 69, 70), and judgment entered on August 30, 2021 (ECF No. 72).

Accordingly, such duplicative and unnecessary billing provides grounds for adjusting downward the fees to be awarded. In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants.". *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). I hereby reduce the total sum of fees to be awarded by 40 percent, for a total of **$20,910.76**.[4]

## ATTORNEY COSTS

Petitioner requests $1,373.40 in overall costs. (ECF No. 76 at 47). This amount is comprised of obtaining medical records, shipping costs and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for fees and costs. I award a total of **$32,739.54** (representing $31,366.14 in fees, and $1,373.40 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

---

[4] This amount consists of $52,276.90 x .40 hrs = $20,910.76.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master